UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BENICIO RUIZ, and :
JEANNETTE RUIZ, :
    Plaintiffs, :
: 3:09-cv-95 (CFD)
v. :
:
DEPARTMENT OF HOMELAND :
SECURITY, and :
ERIC HOLDER, :
    Defendants. :

**RULING ON MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**

This case comes before the Court on a transfer from the United States Court of Appeals for the Second Circuit. See Ruiz v. Mukasey, 552 F.3d 269, 276-77 (2d Cir. 2009).[1] Plaintiffs Benicio and Jeannette Ruiz contest the denial of an Alien Relative Petition filed by Benicio Ruiz on behalf of his wife, Jeannette Ruiz. The defendants, the Department of Homeland Security and Attorney General Eric Holder, have moved for summary judgment.[2]

---

[1] In this same opinion, the Second Circuit held that a federal district court has jurisdiction to hear a petition for review of an administrative denial of an Alien Relative Petition. See id. at 271.

[2] Though the plaintiffs originally brought this case under the Fifth Amendment and various provisions of federal law, both parties have since agreed that these bases do not confer jurisdiction. Instead, proper jurisdiction for this court arises out of the Administrative Procedures Act (APA). See Order Granting Plaintiffs' Motion to Withdraw Jurisdictional Allegations, Civil Action No. 3:09-cv-95, Dkt. 53. Accordingly, the motion to dismiss is moot and the instant motion will be treated as a motion for summary judgment.

## II.     Background[3]

Jeannette Ruiz married Benicio Ruiz in December of 2000. The following February, Benicio Ruiz filed an I-130 Alien Relative Petition (ARP) on behalf of his wife, who also sought to have her status changed to that of a permanent resident through an I-485 Application for Adjustment of Status. After an investigation by U.S. Citizenship and Immigration Services (CIS), the government denied these requests on the ground that the parties had engaged in a marriage fraud scheme.

On July 13, 1991, Jeannette Ruiz married Gabriel Pardo, an American, in the Dominican Republic. Mr. Pardo filed an ARP on her behalf that September, which was approved in October. During an interview in 1992, Jeannette Ruiz could not prove her marriage to Mr. Pardo. In support, she offered only wedding photographs and unsworn letters. Jeanette Ruiz also indicated that she had met Mr. Pardo only a few months before the wedding, and that he had visited her once in the year that they had been married. Her neighbors told investigators in 1992 that they had not seen her with Mr. Pardo, but instead believed Jeannette Ruiz to be the common law spouse of Benicio Ruiz. These neighbors also indicated that the Ruiz couple lived together and cared for their two-year-old child. When confronted with this information, Jeannette Ruiz allegedly admitted the fraud and signed a statement to this effect.[4] The ARP was revoked in

---

[3] Unless otherwise noted, these facts are taken from the parties' memoranda, exhibits, and affidavits concerning the pending motion to dismiss, as well as the Administrative Record of the earlier proceedings. They are undisputed unless otherwise noted.

[4] The parties disagree on whether this statement constitutes an admission and the reliability of the document itself. The defendant claims that the document was a sworn statement given by Jeannette Ruiz in connection with her confession that the marriage to Mr. Pardo was fraudulent. The plaintiffs, however, claim that the statement was not made under oath, was merely a "fill-in-the-blank" form, was made by Jeannette Ruiz when she did not fully understand

1994 and Jeannette Ruiz filed for divorce from Mr. Pardo in November 1999. That marriage was officially dissolved in April 2000.

During the time that Jeannette Ruiz was married to Mr. Pardo, Benicio Ruiz was also married to an American, Sandra Alameda. Ms. Alameda filed an ARP on his behalf, which did not mention the child born to Benicio Ruiz and Jeannette Ruiz in 1989. During the Ruiz-Alameda marriage, Benicio Ruiz and Jeannette Ruiz had two more children (born in 1996 and 1998). After Benicio Ruiz was naturalized in June 1999, he filed for divorce from Ms. Alameda in November of that year – the same month and year in which Jeannette Ruiz filed for divorce from Mr. Pardo.

After the divorces, Jeannette and Benicio Ruiz married in December of 2000. He submitted an ARP on her behalf the following February, seeking to have her designated as an immediate relative of a naturalized citizen.

CIS did not issue a Notice of Intent to Deny the ARP until September 2006. This Notice was based on the previous investigation which had uncovered information indicating that Jeannette Ruiz had entered into a fraudulent marriage to Mr. Pardo. CIS also found that both Jeannette and Benicio Ruiz had engaged in a scheme whereby each would marry an American until one of them obtained American citizenship, at which point they would end their fraudulent marriages and marry each other.

CIS formally denied Benicio Ruiz's ARP in January 2007. The plaintiffs appealed this decision to the Board of Immigration Appeals, which found no error and dismissed the appeal.

---

the contents of the statement, and was made during a surprise visit from a Consulate officer during a time that Jeannette Ruiz was not represented by counsel.

After the plaintiffs appealed to the Second Circuit, that Court found that it lacked jurisdiction since the plaintiffs were not challenging a final order of removal. Accordingly, the case was transferred back to the district court.

### III. Applicable Law and Discussion

#### A. Summary Judgment Standard

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Eng'g Corp., 221 F.3d 293, 300 (2d Cir. 2000); Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000) (citing Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994)). Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton, 202 F.3d at 134. Consistent with this standard, all evidence favorable to the nonmoving party must be credited if a reasonable jury could credit it. Evidence favorable to the moving party, on the other hand, must

be disregarded unless a reasonable jury would have to credit it because it comes from a disinterested source and is uncontradicted and unimpeached. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000). "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

### B.    Standard for Agency Review

Pursuant to the APA, agency action is entitled to judicial deference unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 41 (1983), citing 5 U.S.C. § 706(2)(A). Under this standard, courts should employ a "narrow" scope of review and refrain from "substitut[ing] its judgment for that of the agency." Id. at 43. Agency conduct that rises to this high level includes decisions that lack rational explanations, see Zhao v. U.S. Dept. of Justice, 265 F.3d 83, 93 (2d Cir. 2001), fail to consider relevant evidence, see Motor Vehicle Mfrs. Ass'n, 463 U.S. at 43, depart without explanation from established policies, see Douglas v. I.N.S., 28 F.3d 241, 243 (2d Cir. 1994), are devoid of any reasoning, see Wong Wing Hang v. I.N.S., 360 F.2d 715, 719 (2d Cir. 1966), contain merely cursory or conclusory statements, see Anderson v. McElroy, 953 F.2d 803, 806 (2d Cir. 1992), or are based on irrational or bad-faith exercises of power, see Bertrand v. Sava, 684 F.2d 204, 213 (2d Cir.1982). Generally, a judicial inquiry into an agency decision is restricted to the administrative record, unless that evidence is not sufficient to set forth the rationale for the agency decision. See Estate of Landers v. Leavitt,

545 F.3d 98, 113 (2d Cir. 2008).

### C. Resident Alien Status Changes

Under the Immigration and Nationality Act (INA), an alien who has been admitted to the United States may seek to have his or her status adjusted to that of a permanent resident. See 8 U.S.C. § 1255. The decision to adjust the alien's status rests with the Attorney General and is subject to his discretion. See 8 U.S.C. § 1255(a). In addition, a citizen may also file a petition to the Attorney General seeking that an alien be designated as an "immediate relative," 8 U.S.C. § 1154(a)(1)(A)(i), which is defined as a child, spouse, or parent of an American citizen. See 8 U.S.C. § 1154(b)(2)(A)(i). An individual who attains immediate relative status may then qualify for permanent resident status. See Azizi v. Thornburgh, 908 F.2d 1130, 1132 (2d Cir. 1990), citing 8 U.S.C. § 1151(b).

The burden of proof in an ARP filing rests with the citizen seeking the change to prove that the beneficiary is a relative. See Egan v. Weiss, 119 F.3d 106, 107 (2d Cir. 1997) (per curiam), citing 8 C.F.R. § 204.2(a)(2). This obligation can be satisfied with regard to a spouse by providing a valid certificate of marriage and proof that any prior marriages of both parties have been legally terminated. See id.

An ARP filing can not be approved, however, if the alien had previously entered or attempted to enter a marriage for the purpose of evading immigration laws. See 8 U.S.C. § 1154(c). See also Azizi, 908 F.2d at 1135 ("Motivated by the perceived need to deter marriage fraud, section 5 amended the INA to refine the qualifications of those claiming immediate relative status."). According to that section of the statute, if an alien has sought immediate

relative status through a fraudulent marriage, any subsequent requests for immediate relative status must be denied. See 8 U.S.C. § 1154(c). See also Samsundar v. Mukasey, 296 Fed. Appx. 106, 107 (2d Cir. 2008).

In this case, the agency decision which plaintiffs contest is entitled to a deferential standard of review. Since the decision to deny the ARP filing was not "arbitrary and capricious" or an "abuse of discretion," summary judgment is appropriate.

The plaintiffs have not identified any facts that were overlooked during the process, nor have they alleged that the agency used an incorrect interpretation of the law. The administrative record shows that Jeannette Ruiz and Benicio Ruiz were each married to American citizens while living together as common law spouses and raising their family. Once Benicio Ruiz became a citizen, the plaintiffs divorced their spouses and married each other. Afterward, Benicio Ruiz sought to have Jeannette Ruiz designated as an immediate relative. In accordance with statutory requirements, the agency denied this application because of Jeannette Ruiz's previous ARP denial on account of a fraudulent marriage.

The plaintiffs put forth two main arguments in support of their claim and in opposition to the instant motion. First, they argue that Jeannette Ruiz's statement concerning the prior fraudulent marriage was not a proper or reliable admission. During the initial investigation into Jeannette Ruiz's marriage to Gabriel Pardo, the government claims she made a sworn statement confessing to the fraudulent marriage and made it part of the administrative record here. In response, the plaintiffs claim that it was merely a pre-prepared form, was not made under oath, and does not constitute an admission. However, the Court need not reach the question of whether the alleged statement constitutes an admission by Mrs. Ruiz. Even without considering

the statement, enough convincing facts remain to support the reasonableness of the agency's conclusion that the marriage of Jeanette Ruiz to Mr. Pardo was fraudulent. Thus, even if the statement was not proper, that fact alone does not compel a different result in this case.

The facts presented below show that the marriage between Jeannette Ruiz and Gabriel Pardo was not valid. Mrs. Ruiz attempted to prove the marriage, but offered only photographs and unsworn letters in support. She met Mr. Pardo only a few months before the wedding and claimed that he lived in America and only visited her once during the marriage. Meanwhile, Mrs. Ruiz's neighbors told investigators that during this marriage, Jeannette and Benicio Ruiz raised their child as a common-law couple and they had never seen Mr. Pardo at Mrs. Ruiz's home. Therefore, even without crediting Mrs. Ruiz's statement as an admission, there is enough evidence for the Court to conclude that the marriage was fraudulent.

The plaintiffs also argue that the agency did not issue its Notice of Intent to Deny the ARP until five years after it was filed, and furthermore refused to grant an extension beyond the thirty-day period during which the plaintiffs could have contested this initial decision. The plaintiffs have not identified any case law to suggest that the five-year delay itself merits judicial scrutiny of the agency decision.

Moreover, the denial of the ARP in this case is required by law because the facts in the record clearly indicate a previous fraudulent marriage between Jeannette Ruiz and Mr. Pardo. Federal law "prohibits the approval of a visa petition filed on behalf of an alien who has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." C.F.R. § 204.2(a)(1)(ii). Furthermore, the regulations state that "[t]he director **will** deny a petition for immigrant visa classification filed on behalf of any alien for whom there is

substantial and probative evidence of such an attempt or conspiracy, regardless of whether that alien received a benefit through the attempt or conspiracy." Id. (emphasis added). In addition, "[n]o petition shall be approved if . . . the alien has previously . . . sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States . . . by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws." 8 U.S.C. 1154(c). In this case, it appears that Jeannette and Benicio Ruiz are parties to a legitimate marriage. However, even in cases such as these, courts are "constrained to affirm" the denial of ARP filings. See, e.g. Ogbolumani v. Napolitano, 557 F.3d 729, 736 (7th Cir. 2009). Instead, an ARP filing must be denied where the beneficiary has previously engaged in a fraudulent marriage, such as the one to Pardo here. See Samsundar v. Mukasey, 296 Fed. Appx. 106 (2d Cir. 2008).

**IV.     Conclusion**

For the reasons set forth above, the defendants' motion for summary judgment [Dkt. # 28] is GRANTED. The Clerk is directed to close the case.

SO ORDERED this <u>26th</u> day of August 2010, at Hartford, Connecticut.

/s/ Christopher F. Droney

**CHRISTOPHER F. DRONEY**

**UNITED STATES DISTRICT JUDGE**